IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WEST VIRGINIA by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>Plaintiffs,<br><br>v.<br><br>PATRIOT COAL CORP; MAGNUM COAL CO.; APOGEE COAL CO., LLC; CATENARY COAL CO., LLC; COYOTE COAL CO. LLC; DAKOTA LLC; HOBET MINING, LLC; JUPITER HOLDINGS LLC; LITTLE CREEK LLC; MIDLAND TRAIL ENERGY LLC; PANTHER LLC; REMINGTON LLC; WILDCAT, LLC; BLACK STALLION COAL CO., LLC; BLACK WALNUT COAL CO.; COLONY BAY COAL CO.; EASTERN ASSOCIATED COAL, LLC; HILLSIDE MINING CO.; JARRELL'S BRANCH COAL CO.; KANAWHA EAGLE COAL, LLC; LOGAN FORK COAL CO.; MARTINKA COAL CO., LLC; MOUNTAIN VIEW COAL CO., LLC; PINE RIDGE COAL CO., LLC; RIVERS EDGE MINING, INC.; and WINIFREDE DOCK LLC,<br><br>Defendants. | Civil Action No. 2:'09-0099<br><br>COMPLAINT |

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of West Virginia ("State") by and through the West Virginia Department of Environmental Protection ("WVDEP"), (collectively, "Plaintiffs") file this Complaint and allege as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to Section 309(b) and (d) of the Federal Water Pollution Control Act ("CWA" or the "Act"), 33 U.S.C. §§ 1319(b) and (d), and Section 22 of the West Virginia Water Pollution Control Act ("WPCA"), W.Va. Code § 22-11-22. Plaintiffs allege that Defendants discharged and will continue to discharge pollutants into waters of the State and waters of the United States in violation of Section 301 of the Act, 33 U.S.C. § 1311, and Section 8 of the WPCA, W.Va. Code § 22-11-8. Plaintiffs also allege that Defendants are in violation of the conditions and limitations of National Pollutant Discharge Elimination System ("NPDES") permits issued by the State of West Virginia pursuant to Section 402 of the Act, 33 U.S.C. § 1342, and Section 8 of the WPCA, W.Va. Code § 22-11-8.

2. Plaintiffs seek permanent injunctive relief against Defendants to halt their illegal discharges of pollutants into waters of the State and waters of the United States, as authorized by Section 309(b) of the Act, 33 U.S.C. § 1319(b), and Section 22 of the WPCA, W.Va. Code § 22-11-22. Plaintiffs also seek civil penalties against certain Defendants pursuant to Section 309(d) of the Act, 33 U.S.C. § 1319(d), and Section 22 of the WPCA, W.Va. Code § 22-11-22.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

4. Venue is proper in the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), as well as Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), because it is the judicial district in which Defendants are located, reside, and/or are doing business, and/or in which the majority of the violations alleged in the Complaint occurred.

5. Notice of commencement of this action has been given to the State of West Virginia in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANTS

6. The Defendants named herein are "persons" within the meaning of Section 3(15) of the WPCA, W.Va. Code § 22-11-3(15) and Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

7. Patriot Coal Corp. ("Patriot") is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 400, St. Louis, Missouri.

8. Magnum Coal Company is a Delaware corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

9. Patriot purchased Magnum Coal Company on or about July 23, 2008.

10. Patriot's pre-acquisition subsidiaries include Defendants Black Stallion Coal Co., LLC; Black Walnut Coal Co.; Colony Bay Coal Co.; Eastern Associated Coal, LLC; Hillside Mining Co.; Jarrell's Branch Coal Co.; Kanawha Eagle Coal, LLC; Logan Fork Coal Co.; Martinka Coal Co., LLC; Mountain View Coal Co., LLC; Pine Ridge Coal Co., LLC; Rivers Edge Mining, Inc., and Winifrede Dock LLC, (collectively, "non-Magnum Subsidiaries").

11. Magnum Coal Company's subsidiaries, purchased by Patriot as part of the July 2008 acquisition, include Apogee Coal Co., LLC; Catenary Coal Co., LLC; Coyote Coal Co. LLC; Dakota LLC; Hobet Mining, LLC; Jupiter Holdings LLC; Little Creek LLC; Midland Trail Energy LLC; Panther LLC; Remington LLC; and Wildcat LLC (collectively, "Magnum Subsidiaries").

12. Patriot, or its predecessors in interest, financed, managed, and controlled the coal mining, processing, and shipping operations at the facilities owned by its non-Magnum Subsidiaries.

13. Patriot, or its predecessors in interest, financed, managed, and controlled

environmental compliance at the facilities owned by its non-Magnum Subsidiaries.

14. At all relevant times, Patriot and its non-Magnum subsidiaries did business in West Virginia.

15. Magnum Coal Company, or its predecessors in interest, financed, managed, and controlled the coal mining, processing, and shipping operations at the facilities owned by the Magnum Subsidiaries.

16. Magnum Coal Company, or its predecessors in interest, financed, managed, and controlled environmental compliance at the facilities owned by the Magnum Subsidiaries.

17. At all relevant times, Magnum Coal Company and the Magnum Subsidiaries (collectively, "Magnum") did business in West Virginia.

18. Apogee Coal Company, LLC is a Delaware corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

19. Catenary Coal Company, LLC is a Delaware corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

20. Coyote Coal Company LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

21. Dakota LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

22. Hobet Mining, LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

23. Jupiter Holdings LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

24. Little Creek LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

25. Midland Trail Energy LLC is a West Virginia corporation with its principal place of business at 42 Rensford Star Route, Charleston, West Virginia.

26. Panther LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

27. Remington LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

28. Wildcat, LLC is a West Virginia corporation with its principal place of business at 500 Lee Street East, Suite 900, Charleston, West Virginia.

29. Black Stallion Coal Company, LLC is a Delaware corporation with its principal place of business 12312 Olive Boulevard, Suite 410, St. Louis, Missouri.

30. Black Walnut Coal Company is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 411, St. Louis, Missouri.

31. Colony Bay Coal Company is a West Virginia corporation with its principal place of business at 800 Laidley Tower, Charleston, West Virginia.

32. Eastern Associated Coal, LLC is a West Virginia corporation with its principal place of business at 202 Laidley Tower, Charleston, West Virginia.

33. Hillside Mining Company is a West Virginia corporation with its principal place of business at 202 Laidley Tower, Charleston, West Virginia.

34. Jarrell's Branch Coal Company is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 428, St. Louis, Missouri.

35. Kanawha Eagle Coal, LLC is a Virginia corporation with its principal place of business at 105 Walnut St., Grundy, Virginia.

36. Logan Fork Coal Company is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 430, St. Louis, Missouri.

37. Martinka Coal Company, LLC is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 400, St. Louis, Missouri.

38. Mountain View Coal Company, LLC is a Delaware corporation with its principal place of business at 202 Laidley Tower, Charleston, West Virginia.

39. Pine Ridge Coal Company, LLC is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 400, St. Louis, Missouri.

40. Rivers Edge Mining, Inc. is a Delaware corporation with its principal place of business at 12312 Olive Boulevard, Suite 439, St. Louis, Missouri.

41. Winifrede Dock, LLC is a West Virginia corporation with its principal place of business at 1021 Walnut Street, Grundy, Virginia.

## STATUTORY AND REGULATORY REQUIREMENTS

42. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" into waters of the United States, except, *inter alia*, in compliance with an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

43. Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit-issuing authority may issue an NPDES permit that authorizes the discharge of any pollutant directly into waters of the United States, upon the condition that such discharge will meet all applicable

requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

44. Section 402 of the CWA, 33 U.S.C. § 1342, directs the Administrator to prescribe conditions for NPDES permits to assure compliance with the requirements of the CWA, including conditions on data and information collection, reporting, and such other requirements as the Administrator deems appropriate.

45. Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents which are discharged from point sources. Effluent limitations are among the conditions and limitations prescribed in NPDES permits issued under Section 402(a) of the CWA, 33 U.S.C. § 1342(a).

46. In 1985, EPA set effluent limitations guidelines ("ELGs") for discharges from coal mining point sources. *See* 40 C.F.R. Part 434, 50 Fed. Reg. 41296-01. The ELGs prescribe "maximum for any 1 day" and "average of daily values for 30 consecutive days" numeric effluent limits for, *inter alia*, iron, total suspended solids, pH, and manganese. Discharges with a pH above or below the range set forth in the applicable ELGs (generally within the range of 6.0 to 9.0 at all times) are violations of the daily minimum or daily maximum limits in Defendants' NPDES permits.

47. Section 303(a) of the CWA, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water. When technology-based ELGs are insufficient to keep receiving waters within those levels, the permit must include stricter water quality based effluent limits that reflect water quality standards and criteria. Section 301(b)(1)(C) of the CWA, 33 U.S.C.

§ 1311(b)(1)(C). Pursuant to W.Va. Code 22-11-7b, West Virginia's water quality regulations include water quality standards setting limits for certain parameters – including aluminum, dissolved oxygen, fecal coliform, iron, manganese, pH, and total residual chlorine – which vary depending on the designated use of a particular water body. *See* 47 C.S.R. § 2-1 *et seq.*

48. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

49. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

50. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (February 13, 2004), 40 C.F.R. § 19, EPA may seek civil penalties of up to $27,500 per day for each violation occurring on or after January 30, 1997 through March 15, 2004 and up to $32,500 per day for each violation occurring after March 15, 2004.

51. Section 8 of the WPCA, W.Va. Code § 22-11-8, prohibits the discharge of any pollutant by any person into waters of the State of West Virginia, except, *inter alia*, in compliance with applicable water quality standards and a West Virginia NPDES permit issued pursuant to the WPCA.

52. At all times relevant to this Complaint, the State of West Virginia has been authorized

by EPA to administer an NPDES program for regulating the discharges of pollutants into navigable waters within each state's jurisdiction. 47 Fed. Reg. 22363-01. Pursuant to W.Va. Code §§ 22-1-5, 22-1-7, and 22-11-4(a), the WVDEP, through the Director of the Division of Water and Waste Management, is the state regulatory agency that administers the NPDES permit program in West Virginia.

53. Section 22 of the WPCA, W.Va. Code § 22-11-22, authorizes WVDEP to commence a civil action for injunctive relief to compel compliance with and enjoin violations of any provision of the WPCA or any term or condition of an NPDES permit issued under the WPCA. Section 22 of the WPCA also provides that any person who violates any provision of an NPDES permit issued pursuant to Section 8 of the WPCA, W.Va. Code § 22-11-8, is subject to a civil penalty of up to $25,000 per day for each violation.

## FACTUAL ALLEGATIONS

54. Defendants each own and/or operate coal mining, processing, and/or shipping operations and/or facilities. As a result of their coal mining and processing operations, Defendants generate coal slurry, wastewater, and other excess material that are, or contain, various "pollutants" as that term is defined Section 3(17) of the WPCA, W.Va. Code § 22-11-3(17), and in Section 502(6) of the CWA, 33 U.S.C. § 1362(6) and 40 C.F.R. § 122.2, including iron, aluminum, and manganese ("nonconventional" pollutants under Section 301(g) of the CWA, 33 U.S.C. § 1311(g)), and pH and total suspended solids ("conventional" pollutants as listed in 40 C.F.R. § 401.16).

55. Defendants obtained West Virginia NPDES permits to discharge these pollutants from designated outlets into streams, rivers, and other waters of the United States. Defendants' West Virginia NPDES permits contain effluent limitations that prohibit discharges of specified

pollutants in excess of numeric monthly average, daily maximum, and/or daily minimum limits. These limitations reflect ELGs and stricter water quality based effluent limits.

## Magnum Violations

56. On January 25, 2008, EPA sent an information request to Magnum pursuant to Section 308 of the Act, requesting that Magnum create a spreadsheet for each permit reflecting all effluent limitation exceedances from January 1, 2003 through December 31, 2007. The exceedance spreadsheet attached as Appendix A to this Complaint represents certified information provided by Magnum in response to the January 25, 2008 Section 308 Request.

57. The certified information provided by Magnum reflects a total of at least 1465 violations at the Magnum Subsidiaries during this time period. This includes at least 733 violations of daily minimum and daily maximum effluent limitations, and at least 732 violations of monthly average limitations.

58. In addition to the violations in the certified exceedance spreadsheet, Notices of Violation ("NOVs") issued by West Virginia from January 2003 through January 2008 show that Magnum discharged pollutants in violation of limitations contained in its NPDES permits and/or had unpermitted discharges.

59. West Virginia inspectors issue NOVs pursuant to the West Virginia Surface Coal Mining and Reclamation Act ("WVSMCRA"), W.Va. Code § 22-3-17 (2004), to persons engaging in mining operations who violate any rules promulgated or permits issued under either Act. Permits issued under WVSMCRA require compliance with NPDES effluent limitations and incorporate such limitations by reference. These NOVs also document other permit violations and/or unpermitted discharges such as visible spills of slurry, blackwater, and other pollutants into waters of the United

States.

60. From January 2003 through March of 2008, Magnum was issued at least 37 NOVs showing violations of NPDES permit conditions and/or unpermitted discharge-related violations in West Virginia. (Appendix B).

### Patriot Violations

61. Defendants' West Virginia NPDES permits impose self-monitoring and self-reporting requirements, including the quarterly submission to the permitting authorities of monthly Discharge Monitoring Reports ("DMRs") which summarize semi-monthly discharge monitoring data and indicate periods of noncompliance.

62. Prior to the filing of this Complaint, Patriot initiated negotiations with the State regarding NPDES permit violations disclosed in DMRs for its non-Magnum subsidiaries. As part of its negotiations with the State, Patriot submitted certified DMR results for the period from July 1, 2006 to March 31, 2008.

63. Patriot certified approximately 206 exceedances of NPDES permit limits by its non-Magnum subsidiaries of pollutant parameters including, but not limited to, pH, total suspended solids, iron, and manganese, for the period from July 1, 2006 to March 31, 2008. The certified exceedances include approximately 87 violations of daily minimum and daily maximum effluent limitations, and approximately 119 violations of monthly average limitations.

### **CLAIM FOR RELIEF**

64. Paragraphs 1-63 are realleged and incorporated by reference.

65. During the period relevant to this Complaint, Defendants have discharged, and continue to discharge, pollutants in excess of effluent limitations contained in their applicable West

11

Virginia NPDES permits from various impoundment and settlement ponds, outlets, ditches, and other conveyances that are "point sources" within the meaning of Section 3(16) of the WPCA, W.Va. Code § 22-11-3(16), and Section 502(14) of the Clean Water Act, 33 U.S.C. § 1362(14).

66. In addition, Magnum has received at least 37 NOVs for exceeding NPDES permit limitations and unpermitted discharges in West Virginia.

67. The receiving waters for Defendants' unpermitted discharges and discharges in excess of effluent limitations contained in their applicable NPDES permits constitute waters of the State within the meaning of W.Va. Code § 22-11-3(23) and waters of the United States that are "navigable waters" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

68. Defendants' unpermitted discharges and discharges of pollutants in excess of effluent limitations contained in their applicable NPDES permits constitute violations of Section 301 of the CWA, 33 U.S.C. § 1311, and/or Section 402 of the CWA, 33 U.S.C. § 1342.

69. Defendants' unpermitted discharges and discharges of pollutants in excess of effluent limitations contained in their applicable NPDES permits constitute violations of W.Va. Code § 22-11-8.

70. Unless enjoined, Defendants' violations will continue.

71. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and Section 22 of the WPCA, W.Va. Code § 22-11-22, Defendants are liable for permanent injunctive relief.

72. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Magnum is liable for civil penalties of up to $27,500 per day of violation for all violations occurring from August 7, 2003 through March 15, 2004, and up to $32,500 per day of violation for all violations occurring after March 15, 2004. Under Section 22 of the WPCA, W.Va. Code § 22-11-22, Magnum is liable for

civil penalties up to $25,000 per day for each violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States of America and the State of West Virginia, respectfully pray that this Court:

1. Permanently enjoin Defendants from discharging pollutants except as expressly authorized by the CWA and the limitations and conditions of Defendants' applicable NPDES permits.

2. Order Defendants named herein and subsidiaries acquired or incorporated by Patriot Coal Corporation in the future, to take all necessary steps to comply with the CWA, the WPCA, and the limitations and conditions of the applicable NPDES permits.

3. Assess civil penalties against Magnum up to $27,500 per day for each violation of the CWA or any applicable NPDES permit that occurred from August 7, 2003 through March 15, 2004, and up to $32,500 per day for each violation of the CWA or any applicable NPDES permit that occurred after March 15, 2004.

4. Award the United States and the State of West Virginia their costs for this action.

5. Grant such other relief as the Court may deem appropriate.

Respectfully submitted,
FOR THE UNITED STATES OF AMERICA

*/s/ John Cruden*

JOHN CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice


*/s/ Britta G. Hinrichsen*

LAURA A. THOMS
BRITTA G. HINRICHSEN
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044

14

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

CHARLES T. MILLER
United States Attorney


_____
CAROL A. CASTO
Assistant United States Attorney
WV State Bar Number 890
P.O. Box 1713
Charleston, WV 25326

Respectfully submitted,

FOR THE STATE OF WEST VIRGINIA

*Heather A. Connolly*

HEATHER CONNOLLY
Chief of Legal Services
West Virginia Department of Environmental Protection
601 - 57th Street
Charleston, WV 25304